their defamatory statements that all such material be taken down immediately, that all accounts

controlled by Defendants be deactivated, and that those third parties take reasonable, available

steps to prevent Defendants from posting further statements; and (4) All other relief to which

Plaintiff is entitled.

HOULIHAN SMITH & COMPANY, INC.®
AND HOULIHAN SMITH ADVISORS, LLC

By: _____
         One of Their Attorneys

Richard P. Darke
Rosanne Ciambrone
Duane Morris LLP
190 S. LaSalle St., Suite 3700
Chicago, IL 60603
(312) 499-6700
(312) 499-6701 (fax)
Firm Id. No.: 38820

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to those matters stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Andrew Smith
PRESIDENT

DM1\2152257.4

## SECTION 1-109 VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to those matters stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Charles Botchway

DM1/21496402.2

# EXHIBITS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| HOULIHAN SMITH & COMPANY,<br>INC.® and HOULIHAN SMITH<br>ADVISORS, LLC,<br><br>          Plaintiffs,<br><br>     v.<br><br>JULIA FORTE, individually;<br>JULIA FORTE d/b/a 800Notes.com<br>Advent LLC;<br>JULIA FORTE d/b/a whocallsme.com;<br>JAMON SILVA, individually;<br>JAMON SILVA d/b/a whocalled.us.com;<br>JOHN DOES 1-30; and<br>JANE DOES 1-30,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.  10 CH 16477<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR
ENTRY OF A TEMPORARY RESTRAINING ORDER AGAINST DEFENDANTS**

## I.     INTRODUCTION

On April 9, 2010, Houlihan Smith & Company, Inc.® ("Houlihan Smith") and Houlihan

Smith Advisors, LLC ("Houlihan Advisors", and collectively with Houlihan Smith, "Plaintiffs"

or "Houlihan") learned, for the first time, that on April 6, 2010, an unknown individual

maliciously posted false statements on 800Notes.com and Whocallsme.com, falsely accusing

Plaintiffs of criminal conduct and a principal of Houlihan of being a "scam artist" and "ex-con"

and otherwise impugning the quality of services provided by Houlihan.  Immediately upon

learning of these outrageous statements, Plaintiffs informed the owners and operators of the

defamatory materials on their websites, asked them to remove the postings and, in order to

provide them with a good faith basis to remove them, provided an affidavit from Plaintiffs

DM1\2070931.6

specifically testifying under oath that the postings were false and harassing. They refused, without just cause or reason.

The April 6, 2010 posting is not an isolated incident but part of a campaign to harm Plaintiffs and their principals, employees, agents, and representatives in their personal and professional lives. In order to remedy the Defendants' wrongful conduct and misuse of Plaintiffs' intellectual property rights, Plaintiffs seek a temporary restraining order to enjoin the Defendants, Julia Forte, 800Notes.com, Whocallsme.com, Jamon Silva, Whocalled.us.com, and the Jane and John Doe Defendants (collectively, the "Defendants"; Forte, 800Notes.com, Whocallsme.com, Silva, and Whocalled.us.com collectively are referred to as the "Website Defendants").

Plaintiffs already have felt the significant adverse effects of the Defendants' deplorable conduct. They have lost revenue, suffered harm to their reputations, and lost goodwill. Employees are highly concerned and threatening to leave; Plaintiffs are having difficulty hiring new employees and obtaining new customers; their existing customers are repeatedly questioning the truth of the defamatory statements. These harms will continue into the future if Defendants' wrongful conduct is not stopped.

Under Illinois law, the Court has the right to order Defendants to remove the unlawful internet postings and to order Defendants to stop the continued dissemination and misappropriation and use of Houlihan Smith's trademark and other intellectual property rights. The Court has the right to award Plaintiffs this relief pursuant to Plaintiffs' claims for defamation *per se* and *per quod* (Counts I and II), violation of the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/65 (Count III), violation of the Illinois Right of Publicity Act, 765 ILCS 1075 (Count IV); intentional interference with prospective business opportunity

(Count V); violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 (Count VI); violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1 (Count VII); and common law misappropriation (Count VIII).

It is clear that all factors are present here supporting an injunction: (i) the Plaintiffs have clearly ascertained rights that need protection; (ii) irreparable harm will occur without an injunction; (iii) there is no adequate remedy at law for the injury; and (iv) success on the merits is likely. The balance of harms strongly favors Plaintiffs as they have the right to operate their businesses free from unlawful conduct, to the exclusive use of their trademark, and to their right of publicity. Defendants will suffer no harm or prejudice. Moreover, the Website Defendants have the right and authority to remove and/or block access to the harassing and defamatory postings, per the Terms of Service Agreement associated with each defamatory posting, the agreements they entered into with the individual Jane and John Doe Defendants, and under the Communications Decency Act, 47 U.S.C. § 2301 *et seq.*

For these reasons, as more fully set forth herein, Plaintiffs request that the Court enter a temporary restraining order against all Defendants in accordance with the proposed order submitted herewith.

## II.   PRELIMINARY STATEMENT

The Communications Decency Act, 47 U.S.C. § 2301 *et seq.* (the "CDA"), does not bar this suit against any of the Defendants. The CDA provides that, "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). As drafters of the postings at issue, the Jane and John Doe Defendants are "information content providers" and as such do not fall within the protections of the CDA. Similarly, the Website Defendants, as set

forth in paragraphs 31 through 38 of the Complaint, also are "information content providers" that do not fall within the protections of the CDA.

Three of the counts in the Complaint relate to intellectual property and are excluded from the scope of the CDA. The CDA expressly provides that, "Nothing in this section shall be construed to limit or expand any law pertaining to intellectual property." 47 U.S.C. § 230(e)(2). Count III (the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/65 (the "Illinois Trademark Act")), Count IV (the Illinois Right of Publicity Act, 765 ILCS 1075 (the "RPA")), and Count VIII (Common Law Misappropriation of Intellectual Property Rights) are all laws pertaining to intellectual property that are not affected by the CDA.

The Illinois Trademark Act on its face pertains to intellectual property (trademarks). The common law cause of action for misappropriation similarly on its face pertains to intellectual property (again, trademarks). Moreover, the right of publicity, protected under the RPA, also constitutes an intellectual property right. *See Doe v. Friendfinder Network, Inc.*, 540 F. Supp. 2d 288, 302 (N.D.N.H. 2007) ("[T]he right of publicity is a widely recognized intellectual property right. ... Such a claim therefore arises out of a 'law pertaining to intellectual property' within the meaning of the [CDA]."); MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, § 28:1, *What is the right of publicity?* (4th ed. West 2010) ("right of publicity is property, and is properly categorized as a form of intellectual property"). Because the Illinois Trademark Act, the RPA, and common law misappropriation are "laws pertaining to intellectual property," the CDA does not limit or expand their application and does not act as a bar to the counts of Plaintiffs' Complaint premised upon them. *Atlantic Recording Corporation v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 704 (S.D.N.Y. 2009) (holding as a matter of law that "Section 230(c)(1) does not provide immunity for either federal or state intellectual property claims.").

We also note that pursuant to the law in the Seventh Circuit, the CDA does not provide general immunity to providers or users of interactive computer services who are not information content providers. *Chicago Lawyer's Committee for Civil Rights Under Law, Inc. v. Craigslist, Inc.*, 519 F.3d 666, 669 (7th Cir. 2008); *Doe v. GTE Corp.*, 347 F.3d 655 (7th Cir. 2003); *see also Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100-01 (9th Cir. 2009). The CDA rather only protects from liability "(1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat under a state law cause of action as a publisher or speaker (3) of information provided by another information content provider." *Barnes*, 570 F.3d at 1100 (the CDA does not bar a breach of contract claim under theory of promissory estoppel). Where the causes of action in the Complaint do not treat the Defendants as a publisher or speaker of content provided by another, the CDA does not act as a bar.

Finally, should the CDA bar the Complaint against the Website Defendants, the Plaintiffs would be left without a remedy. Section 12 of the Bill of Rights under the Constitution of the State of Illinois governs every person's right to remedy and justice:

> Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely and promptly.

Constitution of the State of Illinois, Article 1, Bill of Rights, § 12. There must be a remedy for a clear wrong. The Plaintiffs must be entitled to some avenue of relief that would compel the Website Defendants to remove the false, malicious and defamatory posts. Moreover, while Section 4 of the Bill of Rights of the Constitution of the State of Illinois states that "all persons may speak, write and publish freely," it also expressly recognizes that such persons are "responsible for the abuse of that liberty." Const. of the State of Ill., Art. 1, Bill of Rights § 4.

### III.   ARGUMENT

The purpose of a preliminary injunction and temporary restraining order is to preserve the *status quo* pending a decision on the merits of the cause. *Hartlein v. Illinois Power Co.*, 151 Ill. 2d 142, 155, 601 N.E.2d 720, 726 (1992). "The four factors which must be established before an injunction will be granted are that:  (1) a clearly ascertained right that needs protection exists; (2) irreparable harm will occur without the injunction; (3) there is no adequate remedy at law for the injury; and (4) success on the merits is likely." *Id.*

> All that is necessary is that the petitioning party raise a fair question as to the existence of the right claimed, lead the court to believe that you probably will be entitled to the relief prayed for if the proof should sustain his allegations, and make it appear advisable for the positions of the parties should stay as they are until the court has had an opportunity to consider the case on the merits.

*ABC Trans Nat'l Transport, Inc. v. Aeronautics Forwarders, Inc.*, 62 Ill. App. 3d 671, 682, 379 N.E.2d 1228, 1236 (1st Dist. 1978); *K. F. K. Corp. v. Am. Cont'l Homes, Inc.*, 31 Ill. App. 3d 1017, 1020, 335 N.E.2d 156, 158 (1st Dist. 1975).   A temporary restraining order is proper in situations where an emergency exists, such as here, and serious harm would result if the injunction is not issued. *Callis, Papa, Jackstadt & Halloran, P.C. v. Norfolk & W. Ry.*, 195 Ill. 2d 356, 365, 748 N.E.2d 153 (2001).   Here, Plaintiffs are entitled to a temporary restraining order as they meet all of the requirements for this relief.  An emergency exist because the April 6, 2010 posting imputes criminal conduct to principals of Plaintiffs and Plaintiffs themselves and currently is being circulated over the internet, and hence throughout the world, by Defendants.

### A.   PLAINTIFFS HAVE CLEARLY ASCERTAINABLE RIGHTS IN NEED OF PROTECTION

To obtain injunctive relief, the Plaintiffs must first establish a clearly ascertainable right in need of protection. *Hartlein v. Illinois Power Co.*, 151 Ill. 2d 142, 155, 601 N.E.2d 720, 726 (1992).  Plaintiffs have several ascertainable rights in need of protection.  First, Illinois law is

clear that a plaintiff's business and right to pursue one's livelihood free from unlawful interference constitutes a clearly ascertainable right in need of protection. *See, e.g., Dugan Oil Co. v. Coalition of Area Labor*, 98 Ill. App. 3d 126, 134, 423 N.E.2d 1373, 1379 (4th Dist. 1981) (affirming award of injunctive relief and, in reference to Illinois public policy, holding "that a person's business is considered 'property' and is entitled to protection from harm."); *ABC Trans Nat'l Transport, Inc. v. Aeronautics Forwarders, Inc.*, 62 Ill. App. 3d 671, 683-88, 379 N.E.2d 1228, 1236-40 (1st Dist. 1978). Second, Illinois law is also clear that Plaintiffs have a protectable intellectual property right in the trademark "Houlihan Smith & Company, Inc.®" (Complaint, Exhibit A and Affidavits attached as Exhibits E and F)[1]; *see also* Illinois Trademark Registration and Protection Act, 765 ILCS 1036/65. The trademarks as described in this paragraph are collectively referred to herein as the "Houlihan Marks." Third, Plaintiffs have a protectable interest in the use of their trademarks, marks, names and reputation independently of the Houlihan Marks under claims for common law misappropriation of intellectual property rights and violation of the RPA. *See, e.g., Board of Trade v. Dow Jones & Co.*, 108 Ill. App. 3d 681, 439 N.E.2d 526 (1st Dist. 1983), *aff'd*, 98 Ill. 2d 109, 456 N.E.2d 84 (1983); 765 ILCS 1075. Fourth, the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1, also confirms that the Plaintiff's have a protectable interest in their services, business, and, *inter alia*, good will.

### B.    PLAINTIFFS DO NOT HAVE AN ADEQUATE REMEDY AT LAW AND THEY HAVE AND WILL CONTINUE TO SUFFER IRREPARABLE HARM IF DEFENDANTS' CONDUCT IS NOT ENJOINED

To constitute an adequate remedy at law, the legal remedy must "be clear, complete, and as practical and efficient to the ends of justice and its prompt administration as the equitable remedy." *K.F.K. Corp.*, 31 Ill. App. 3d at 1021, 335 N.E.2d at 159. "Thus, while the plaintiff's

---

[1] All references to the Plaintiffs' Verified Complaint will be to the "Complaint"; all references to Exhibits will be to the Exhibits attached to the Complaint.

ultimate relief may be a money judgment, it does not deprive the court of equity the power to grant a preliminary injunction." *Id.; see also ABC Trans Nat'l*, 62 Ill. App. 3d at 686, 379 N.E.2d at 1239 (reversing refusal to enter injunction for alleged adequate remedy at law and holding "defendants' ability to later respond in damages should not, in our opinion, preclude the entry of a preliminary injunction."). An award of damages in this case does not provide Plaintiffs with an adequate remedy.

The decision in *ABC Trans National* sheds light on the inadequacy of damages when a business is defamed and disparaged. *ABC Trans Nat'l*, 62 Ill. App. 3d 671, 379 N.E.2d 1228. In *ABC Trans National*, executives of the plaintiff, who were entrusted to manage plaintiff's company, conspired to run plaintiff out of business and to steal plaintiff's employees and customers, in an attempt to take over plaintiff's business and staff a competing business. Plaintiff moved for a preliminary injunction. In reversing the lower court's refusal to grant injunctive relief, the First District held:

> The existence of a remedy at law does not deprive equity of its power to grant injunctive relief unless the remedy is adequate, *i.e.* the remedy at law must be clear, complete, and as practical and efficient to the ends of justice and its prompt administration as the equitable remedy. Thus, the fact that plaintiff's ultimate relief may be a money judgment does not deprive a court of equity the power to grant a preliminary injunction.

*ABC Trans Nat'l*, 62 Ill. App. 3d at 684, 379 N.E.2d at 1237 (citing *K.F.K. Corp.*, 31 Ill. App. 3d at 1021, 335 N.E.2d at 159).

Moreover, injury to competitive advantage, reputation and goodwill, and the potential loss of future business – such as Defendants have already caused Plaintiffs - is incapable of adequate compensation and justifies entry of injunctive relief. *Scheffel & Co., P.C. v. Fessler*, 356 Ill. App. 3d 308, 314, 827 N.E.2d 1, 6 (5th Dist. 2005); *A-Tech Computer Services, Inc. v. Soo Hoo*, 254 Ill. App. 3d 392, 627 N.E.2d 21 (1st Dist. 1993) ("Plaintiff has no adequate

remedy at law.   While pecuniary damages can be calculated, loss of competitive position is intangible, incapable of being measured."); *Cross Wood Products, Inc. v. Suter*, 97 Ill. App. 3d 282, 422 N.E.2d 953 (1st Dist. 1981). *See also Morton Grove Pharms., Inc. v. Nat'l Pediculosis Ass'n*, 525 F. Supp. 2d 1039 (N.D. Ill. 2007) (finding reputational harm and diminished goodwill include irreparable harm that cannot be remedied at law and state a claim for injunctive relief) (citing *Gateway Eastern Ry. v. Terminal R.R. Ass'n*, 35 F.3d 1134, 1140 (7th Cir. 1994) ("We have stated that showing injury to goodwill can constitute irreparable harm that is not compensable by an award of money damages."); and *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 16 (7th Cir. 1992) (stating, in the context of examining the presumption of irreparable harm under the Lanham Act, "it is virtually impossible to ascertain the precise economic consequences of intangible harms, such as damage to reputation and loss of goodwill")).

Illinois law is also crystal clear that "[t]he loss of customers and sales and the threat of continuation of such losses to a legitimate business interest, as alleged by plaintiff here, is sufficient to show that plaintiff will suffer irreparable injury unless protected." *Gold v. Ziff Communications Co.*, 196 Ill. App. 3d 425, 434, 553 N.E.2d 404, 411 (1st Dist. 1989); *U-Haul Co. of Cent. Illinois v. Hindahl*, 90 Ill. App. 3d 572, 576-77, 413 N.E.2d 187, 192 (3d Dist. 1980) (same).   While immediate damages in loss of sales may be calculable, the potential loss of future business is incapable of adequate computation.   *U-Haul*, 90 Ill. App. 3d at 576-77, 413 N.E.2d as 192.

Also, under Illinois law "[a] showing of irreparable injury is related to the proof of a legitimate business interest." *Donald McElroy, Inc. v. Delaney*, 72 Ill. App. 3d 285, 294, 389 N.E.2d 1300, 1308 (1st Dist. 1979).   It is for this reason that Illinois courts consistently hold that "[o]nce a protectable interest has been established, injury to plaintiff will presumably follow if

that interest is not protected." *Donald McElroy*, 72 Ill. App. 3d at 294, 389 N.E.2d at 1308; *U-Haul*, 90 Ill. App. 3d at 577, 413 N.E.2d at 192.

Here, an award of money damages does not provide the Plaintiffs a complete, practical or efficient remedy. The Defendants' wrongful dissemination of the defamatory postings and impermissible use of Plaintiffs' intellectual property rights has already cost Plaintiffs' substantial lost revenue, customers, and goodwill. (Complaint ¶¶ 48-50.) It has harmed the reputation of the Plaintiffs and their principals, employees, agents and representatives, and impugned the services they offer. Defendants conduct has caused and will continue to cause irreparable harm if not enjoined.

### C.    PLAINTIFF HAS A LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiffs have asserted nine causes of action against Defendants: (1) defamation *per se* and *per quod* (Counts I and II), (2) violation of the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/65 (Count III), (3) violation of the Illinois Right of Publicity Act, 765 ILCS 1075 (Count IV); (4) intentional interference with prospective business opportunity (Count V); (5) violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 (Count VI); (6) violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1 (Count VII); (7) common law misappropriation (Count VIII), and (8) injunctive relief (Count IX). Under each theory of relief, the Plaintiffs are entitled to injunctive relief against all of the parties.

#### 1.    Defamation *Per Se*

##### a.    The Postings Constitute Defamation *Per Se*

All of the Defendants' statements constitute defamation *per se* for all of them impute the commission of a criminal offense, an inability to perform or want of integrity in the performance of one's duties, or otherwise prejudice Plaintiffs, or impute a lack of ability, to perform their